## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HERMAN PATTERSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-11-982-HE |
| | ) |
| **MARVIN VAUGHN, Warden,**[1] | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined.[3] For the

---

[1]The Petitioner listed Avalon Correctional Facility, Deputy Warden Donnie Coffman and Chief of Security Mr. James as Respondents. However, where the applicant is presently in custody pursuant to the state judgment in question, the state officer having custody of the applicant is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, Marvin Vaughn, Warden of William S. Key Correctional Center where Petitioner is incarcerated is the properly named Respondent and is substituted as such herein.

[2]As an initial matter, the undersigned notes that Petitioner filed his petition on the form used for actions under 28 U.S.C. § 2254. However, as Petitioner is challenging a prison disciplinary conviction, he is challenging the execution of his sentence rather than the fact of his conviction, and therefore, the action has been construed as one under 28 U.S.C. § 2241. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

[3]Pursuant to Rule 1(b), Rules Governing Section 2254 Cases, these rules may be applied to

reasons set forth below, it is recommended that the petition be dismissed without prejudice upon filing for Petitioner's failure to exhaust his state court remedies.

By this action, Petitioner attacks a prison disciplinary conviction for possession of a green leafy substance that appeared to be marijuana. Petition, 2.[4] As a result of this disciplinary conviction, Petitioner alleges that he was placed at level one for ninety days, received thirty days in detention, and lost 365 earned credits. Petition, 2.

At the time of Petitioner's disciplinary conviction, he was confined at Avalon Correctional Facility in Tulsa, Oklahoma. Petition, 2. However, at the time Petitioner filed his petition with the Court, he was confined at the William S. Key Correctional Center in Fort Supply, Woodward County Oklahoma, which is located within the Western District of Oklahoma. 28 U.S.C. § 116(c). Thus, this Court has jurisdiction over Petitioner's habeas petition, and venue is proper within this district. See Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007) (petition under § 2241 appropriate in district where imprisoned at time of filing petition despite events underlying petition having occurred in another district). See also Davis v. Warden, No. 07-6192, 259 Fed. Appx. 92, 93 (10th Cir. Dec. 14, 2007 (Western District of Oklahoma was appropriate jurisdiction and venue to bring

---

habeas cases other than those brought under 28 U.S.C. § 2254 at the discretion of the court.

[4]The page numbers from the petition are the pre-printed numbers in the upper right hand corner of the form petition. Page 2 is actually the first page of the petition.

§ 2241 petition when prisoner was located in Oklahoma City at time he filed his petition).[5]

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); see Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). This exhaustion requirement requires the prisoner to properly present his claims to the State's highest court, either by direct review or a post-conviction attack. Ellibee v. Feleciano, No. 09-3292, 374 Fed. Appx. 789, 793 (10th Cir. Mar. 23, 2010). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203. The petitioner bears the burden to show that state court remedies have been exhausted. Hernandez v. Starbuck, 69

---

[5]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

F.3d 1089, 1092 (10th Cir. 1995); Peters v. Heredia, No. 08-2247, 335 Fed. Appx. 788, 790 (10th Cir. July 1, 2009).

The face of the Petition clearly shows that Petitioner has not exhausted his available state court remedies. Oklahoma affords a statutory remedy for due process challenges to "prison disciplinary proceedings that result in the revocation of earned credits." Okla. Stat. tit. 57, § 564.1(A). Under this statute, an inmate has 90 days after notification of a final Oklahoma Department of Corrections' administrative decision in the inmate's disciplinary appeal to seek judicial review of the decision in state district court. Okla. Stat. tit. 57, § 564.1(A)(1). The state court is authorized by the statute to review the disciplinary decision for procedural violations and to consider whether the evidence was sufficient to support the finding of guilt. Okla. Stat. tit. 57, § 564.1(D). This statute provides Oklahoma inmates with an available state remedy for their challenges to institutional disciplinary proceedings, "including whether the inmate was provided an opportunity to present relevant documentary evidence or call witnesses, and whether any evidence existed in the record to support the finding of guilt," and this remedy must be exhausted prior to seeking habeas relief in federal court. Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007).

Petitioner claims that he presented his claim to the District Court of Tulsa County and that his claim is still pending in that court. Petition, 3-4, 6, 8-9, 11-13. Thus, he had not exhausted his state court remedies when he filed his petition in this court. Further, a review of the docket for the District Court of Tulsa County shows that on November 11, 2011, the state district court dismissed his state court petition without prejudice due to Petitioner's

failure to name the proper defendant. Case No. CV-2011-821, District Court of Tulsa County, Docket. Petitioner took no further action in that case. Further, a search of Petitioner's name in the docket for the Oklahoma Court of Criminal Appeals shows that Petitioner has not appealed that order or filed anything with that court at the time of this Report and Recommendation. Finally, nothing shows that it would be futile for Petitioner to exhaust his state court remedies.

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed without prejudice on filing for Petitioner's failure to exhaust his available state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 19, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

**ENTERED** this 28th day of November, 2011.

*/s/ Doyle W. Argo*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE