## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

HERMAN PATTERSON,                          )
                                           )
                Petitioner,          )
vs.                                        )          NO. CIV-11-0982-HE
                                           )
MARVIN VAUGHN, Warden,                     )
                                           )
                Respondent.         )

### ORDER

Petitioner Herman Patterson, a state prisoner appearing *pro se*, filed this habeas action challenging a prison disciplinary conviction.[1]  The matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo, who has recommended that the petition be dismissed without prejudice due to petitioner's failure to exhaust his available state court remedies.  The magistrate judge noted that, while petitioner had sought judicial review of the disciplinary conviction in state court, his petition was dismissed without prejudice due to his failure to name the proper defendant.  He took no further action in that case and, at the time the Report and Recommendation was issued, had not appealed that order to the Oklahoma Court of Criminal Appeals.

Petitioner objected to the Report and Recommendation, but failed to address the issue of his failure to exhaust.  Instead he simply reiterated his claims.

The court agrees with the magistrate judge's analysis and adopts his Report and

---

[1]*Although petitioner filed his petition using the form for actions filed under 28 U.S.C. § 2254, the magistrate judge treated the action as one filed under § 28 U.S.C. § 2241 because petitioner is challenging the execution of his sentence rather than the fact of his conviction.*

Recommendation.   Accordingly, the petition for habeas corpus is dismissed without prejudice for failure to exhaust available state court remedies.   The court also denies a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this ___21___ day of ___Dec___, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE